**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC et al.,<br><br>           Plaintiffs,<br><br>vs.<br><br>FANDUEL, INC.,<br><br>           Defendant. | 2:16-cv-00801-RCJ-VCF<br><br>**ORDER** |

This case arises out of the alleged infringement of several patents relating to automated gambling. Defendant has filed motions to dismiss, to stay, and to sever.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs CG Technology Development, Inc. ("CG Tech"), Interactive Games Limited ("IG Ltd."), and Interactive Games LLC ("IG LLC") accuse Defendant FanDuel, Inc. of infringing the following claims of the listed patents ("the Patents") through the use of its online fantasy sports contests ("the Accused Games"): (1) Claim 20 of U.S. Patent No. RE39,818; (2) Claim 31 of U.S. Patent No. 6,899,628; (3) Claim 1 of U.S. Patent No. 9,111,417; (4) Claim 16 of U.S. Patent No. 8,641,511; (5) Claim 11 of U.S. Patent No. 8,342,924; (6) Claim 1 of U.S. Patent No. 7,029,394; (7) Claim 39 of U.S. Patent No. 6,884,166; (8) Claim 1 of U.S. Patent No. 7,534,169; (9) Claim 19 of U.S. Patent No. 8,771,058; (10) Claim 17 of U.S. Patent No. 8,814,664; (11) Claim 9 of U.S. Patent No. 9,355,518; and (12) Claim 1 of U.S. Patent No.

9,306,952. CG Tech owns the '818 Patent for a wireless controller (Cause of Action 1); IG Ltd. owns the '628, '417, '924, '394, and '166 Patents for enhanced services for gaming applications (Causes of Action 2, 3, 5, 6, and 7), and IG LLC owns the '511, '169, '058, '664, '518, and '952 Patents for location-based game configurations (Causes of Action 4, 8, 9, 10, 11, and 12). Defendant has asked the Court to: (1) dismiss for failure to state a claim; (2) stay the case with respect to the '818 Patent pending the resolution of the '818 Patent's ownership in the U.S. District Court for the Southern District of New York; and (3) sever the case into three cases according to ownership of the Patents and category of technology.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a cause of action), but *Twombly* and *Iqbal* require a plaintiff also to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.  ANALYSIS

#### A.  Severance

The Court denies the motion to sever. Severance would not be judicially economical. The Court will have to construe whatever claim terms are disputed whether the causes of action are severed from one another or not. The claims of any single Plaintiff may be permissively joined against Defendant without limitation, *see* Fed. R. Civ. P. 18(a), and Plaintiffs may permissively join in the action because they each assert patent rights arising out of the same series of transactions or occurrences, i.e., Defendant's alleged operation of its online fantasy sports operations, *see* Fed. R. Civ. P. 20(a)(1)(A). Nor have Plaintiffs impermissibly joined multiple defendants based purely on allegations of having infringed the same patent(s). *See* 35 U.S.C. § 299. Plaintiffs have properly filed separate actions in this District against multiple defendants alleged to have infringed Plaintiffs' various patents.

#### B.  Stay

The Court denies the motion to stay as to the '818 Patent. Plaintiffs argue that the action pending in the Southern District of New York does not concern ownership of the '818 Patent, but it in fact appears to do so. (*See* Compl. 8, ECF No. 1 in S.D.N.Y. Case No. 1:14-cv-9661, attached as Ex. B to Mot. Stay, ECF No. 45-3 (requesting as a measure of relief, *inter alia*, "assignment of [the '818 Patent] to Plaintiff [(the inventor)]"); *id.* ¶ 18 (alleging that CG Technology was required under the relevant assignment agreement to either pay certain minimum royalties or reassign the '818 Patent to the inventor)). Although there is no separate cause of action for a declaration of ownership of the '818 Patent in the New York litigation, a finding of reversion of ownership of the '818 Patent or an order requiring reassignment thereof

1 appears to be a possible outcome in that case based on the allegations the plaintiff–inventor has
2 made and the relief he has requested.  The Court will therefore not deny a stay based on the
3 purported impossibility of the New York litigation's effect on CG Tech's ownership of the '818
4 Patent.

5      The Court agrees with Defendant that a stay will not prejudice CG Tech as to damages
6 because it will remain entitled to damages, if any, with interest.  But the Court also finds that CG
7 Tech may be prejudiced by having to conduct duplicative *Markman* and trial proceedings as to
8 the '818 Patent.  Although Defendant may be harmed without a stay because it will have to
9 litigate a potentially moot issue, a similar measure of harm will befall CG Tech if the Court
10 grants a stay and CG Tech must then conduct a second trial because the issue of infringement of
11 the '818 Patent has not been mooted by the New York litigation.  Finally, a stay might simplify
12 things for the Court because it will have one fewer patent to analyze as to pretrial motions in the
13 meantime.  But a stay could complicate the issues by causing the Court to have to hold additional
14 hearings and a second jury trial, which would be an extraordinary inconvenience compared to the
15 additional pretrial analysis required by the inclusion of the '818 Patent.  On balance, the risk of
16 having to hold duplicative proceedings outweighs the risk of wasting some effort in the
17 meantime by analyzing seven patents instead of six until the relevant issue is resolved in the New
18 York litigation.  The Court finds that the relevant factors do not support a stay in this case. *See*
19 *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244–45 (9th Cir. 1972) (citing *Landis v. N. Am. Co.*, 299
20 U.S. 248, 254–55 (1936)) (affirming a district court's refusal to stay a patent infringement action
21 pending a determination of ownership in another court).
22 ///
23 ///
24 ///

### C. Dismissal

#### 1. The '628, '417, '924, '394, '169, and '818 Patents

The Court grants the motion to dismiss the infringement claims as to the '628, '417, '924, '394, and '169 Patents based on unpatentability under *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014), denies the motion under *Alice Corp.* as to the '818 Patent, but grants the motion as to the '818 Patent for failure to state a claim, with leave to amend. (*See* Order, ECF No. 36 in Case No. 2:16-cv-857). The parties have so stipulated.

#### 2. The '511, '166, '058, '664, '518, and '952 Patents

The Court now addresses the remaining infringement claims: (1) Claim 16 of U.S. Patent No. 8,641,511; (2) Claim 39 of U.S. Patent No. 6,884,166; (3) Claim 19 of U.S. Patent No. 8,771,058; (4) Claim 17 of U.S. Patent No. 8,814,664; (5) Claim 9 of U.S. Patent No. 9,355,518; and (6) Claim 1 of U.S. Patent No. 9,306,952. Defendant does not attack the Patents under *Alice Corp.* but only attacks the First Amended Complaint ("FAC") under *Iqbal* and *Twombly*. A defendant is liable for direct patent infringement if he "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor . . . ." 35 U.S.C. § 271(a). "Under the 'all elements' rule, to find infringement, the accused device must contain 'each limitation of the claim, either literally or by an equivalent.'" *TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1379 (Fed. Cir. 2008) (quoting *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005) (citing *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997))).

The Court rejects Plaintiffs' argument that the requirement of providing infringement contentions element-by-element under the Local Rules permits a more flexible application of Civil Rule 8(a) at the dismissal stage. *Iqbal* and *Twombly* unquestionably apply to claims of

infringement not covered by former Form 18. *See Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig. (R+L Carriers, Inc. v. DriverTech LLC )*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)) (noting that only claims of direct infringement, not claims of indirect infringement, could be pled using Form 18). Although Form 18 formerly applied to claims of direct infringement, obviating the *Twombly/Iqbal* pleading standard for such claims, both Form 18 and Rule 84 (authorizing the form) were deleted from the Civil Rules in 2015, extinguishing the exception to the *Twombly/Iqbal* pleading standard for direct infringement claims. Local Rule 16.1-6, providing for the initial disclosure of infringement contentions before discovery, was adopted no later than 2011, i.e., at a time when Rule 84 and Form 18 in conjunction permitted a direct infringement plaintiff to obtain full discovery with a bare-bones pleading that would not survive *Iqbal* and *Twombly*. As in other districts with similar local rules, "[b]y requiring the party claiming invalidity to flesh out and support its invalidity contentions early on, the Patent Local Rules fulfill[ed] the function of *Twombly* and *Iqbal*." *Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, 2011 WL 1654466, at *11 (N.D. Cal. Apr. 28, 2011) (Chen, Mag. J.). But the fact that certain aspects of Local Rule 16.1-6 may have been rendered redundant via Rule 84's deletion and the resulting application of *Iqbal* and *Twombly* to direct infringement claims, the Local Rules may not harmonized with the Civil rules so as to cause an inconsistency between them. *See* Fed. R. Civ. P. 83(a)(1). The Supreme Court's interpretation of Rule 8(a) requires plausible allegations as to all elements of a cause of action, and the elements of a cause of action for direct infringement include each limitation of the patent claim at issue. In any case, the current (2016) version of the infringement contentions rule, Local Patent Rule 1-6, requires much more detailed allegations than *Iqbal* and *Twombly* do, so it is not redundant to hold infringement plaintiffs to the strictures of Rule 8(a) at the pleading stage.

**a.     The '511 Patent**

Claim 16 of the '511 Patent reads in full:

A method comprising:

opening, by a computer system, a gaming account for a client;

establishing, by the computer system, an amount of consideration in the gaming account of the client, in which the money may be used to play games;

after opening the gaming account and establishing the amount of consideration, authorizing, by the computer system, the client to access the gaming account from a computing device by verifying login credentials of the client received from the computing device;

determining, by the computer system, a set of events on which the games are based;

presenting, by the computer system, to the client through the computing device, a display indicating at least some of the set of event;

receiving, by the computer system, a first request from the client to enter into a game based on at least one event;

receiving, by the computer system, a second request from another client to enter into an opposite side of the game based on the at least one event;

matching, by the computer system, the first request and the second request in response to receiving the first offer and the second offer into the game, in which the game includes a game between the client and the other client;

forming, by the computer system, one obligation with a gaming operator to pay the first client for winning the game with the client and forming one other obligation with the gaming operator to pay the second client for winning the game with the other client; and

managing, by the computer system, the amount of consideration in the wagering account credits based on placement of the one or more wagers and outcomes of the one or more wagers.

U.S. Patent No. 8,641,511 col. 13, l. 17–col. 14, l. 37.  Claim 16 contains ten elements. *See id.*

The FAC does not contain allegations that the Accused Games contain each limitation of Claim 16 of the '511 Patent. (*See* First Am. Compl. ¶¶ 60–68).  Even assuming for the sake of

argument that the screen shots of the Accused Games incorporated into the FAC may substitute for written allegations of fact and that each screen shot presented establishes the practice of the respective elements of Claim 16 to which Plaintiffs have compared them, Plaintiffs have not addressed each element of Claim 16.  The FAC addresses only the first and second, (*id.* ¶ 60), third, (*id.* ¶ 61), sixth through eighth, (*id.* ¶ 62), ninth, (*id.* ¶ 63), and tenth elements, (*id.* ¶ 64).  Plaintiffs make no allegations as to the fourth or fifth elements of Claim 16, i.e., the "determining" and "presenting" elements. *See* U.S. Patent No. 8,641,511 col. 13, ll. 28–32.  The Court therefore dismisses the claim of infringement of the '511 Patent, with leave to amend.

   b.   **The '166 Patent**

Claim 39 of the '166 Patent reads in full:

A system for establishing a wager associated with a gaming application, comprising:

a server that hosts a gaming application for a plurality of users;

a processor remotely coupled to the server that:

   receives a wager offer generated by a first user, wherein the wager offer is associated with the gaming application;

   presents the wager offer to a plurality of second users;

   receives a wager acceptance by a second user, the wager offer and the wager acceptance combining to form a wager between the first user and the second user; and

   generates a wager record in response to receiving the wager acceptance, the wager record associated with the wager between the first user and the second user and comprising a plurality of wager parameters; and

a memory coupled to the processor that stores the wager record according to a wager record identifier.

U.S. Patent No. 6,884,166 col. 23, l. 55–col. 24, l. 6.  Claim 39 contains three elements, the second of which contains four sub-elements. *See id.*

The FAC does not contain allegations that the Accused Games contain each limitation of Claim 39 of the '166 Patent. (*See* First Am. Compl. ¶¶ 98–101). Even assuming for the sake of argument that the screen shots of the Accused Games incorporated into the FAC may substitute for written allegations of fact and that each screen shot presented establishes the practice of the respective elements of Claim 39 to which Plaintiffs have compared them, Plaintiffs have not addressed each element of Claim 39. The FAC addresses only the first and second elements, (*id.* ¶ 98), and the sub-elements of the second element, (*id.* ¶¶ 99–101). Plaintiffs make no allegations as to the third element of Claim 39, i.e., the "memory" element. *See* U.S. Patent No. 6,884,166 col. 24, ll. 5–6. The Court therefore dismisses the claim of infringement of the '166 Patent, with leave to amend.

**c.     The '058 Patent**

Claim 19 of the '058 Patent reads in full:

A computer system comprising:

a processor operable to execute a set of instructions; and

a memory having stored thereon the set of instructions, in which the set of instructions, when executed by the processor, cause the computer system to perform a method comprising:

    determining a first location of a mobile gaming device,

    determining a first game configuration associated with the first location,

    generating a first game outcome using the first game configuration,

    determining a first payout associated with the first game outcome,

    crediting a player account with a first amount based on the first payout,

    determining a second location of the mobile gaming device, wherein the second location is different from the first location,

    determining a second game configuration associated with the second location, wherein the second game configuration is different from the first game configuration,

> generating a second game outcome using the second game configuration,
>
> determining a second payout associated with the second game outcome, and
>
> crediting the player account with a second amount based on the second payout.

U.S. Patent No. 8,771,058 col. 62, ll. 1–27. Claim 19 contains two elements, the second of which contains ten sub-elements. *See id.*

The FAC does not contain allegations that the Accused Games contain each limitation of Claim 19 of the '058 Patent. (*See* First Am. Compl. ¶¶ 124–27). Even assuming for the sake of argument that the screen shots of the Accused Games incorporated into the FAC may substitute for written allegations of fact and that each screen shot presented establishes the practice of the respective elements of Claim 19 to which Plaintiffs have compared them, Plaintiffs have not addressed each element of Claim 19. The FAC addresses only the first element, (*id.* ¶ 124), and the sub-elements of the second element, (*id.* ¶¶ 124–27). Plaintiffs make no allegations as to the second element of Claim 19, i.e., the "memory" element. *See* U.S. Patent No. 8,771,058 col. 62, l. 3. The relevant allegation leaves a conspicuous absence (via ellipsis) of "a memory having stored thereon the set of instructions," as required to satisfy the second element of Claim 19. (*See* First. Am. Compl. ¶ 124). The Court therefore dismisses the claim of infringement of the '058 Patent, with leave to amend.

### d. The '664 Patent

Claim 17 of the '664 Patent reads in full:

An apparatus comprising:

a non-transitory medium having stored thereon a plurality of instructions that when executed by a computing device, cause the computing device to:

    determine that a mobile device associated with a first player is located in a first location that is designated as a non-monetary, points only wagering area;

    in response to determining that the mobile device is located in the first location, automatically enable points wagering and automatically disabling monetary wagering from the mobile device while the mobile device remains in the first location;

    receive, from the mobile device, a challenge by the first player, in which the challenge identifies an amount of points selected by the player and a second player selected by the player against whom to place the challenge;

    in response to receiving the challenge, identify the challenge to the second player;

    receive an acceptance of the challenge from the second player;

    in response to receiving the acceptance, form a wager between the first player and the second player based on the challenge;

    adjust points in an account of a winning player of the challenge in response to determining an outcome of the challenge;

    determine mobile device is located in a second location that is designated as a monetary wagering area; and

    in response to determining that the mobile device is located in the second location, automatically enable monetary wagering and automatically disable points wagering from the mobile device while the mobile device remains in the second location;

    wherein the second location is geographically different from the first location.

U.S. Patent No. 8,814,664 col. 32, ll. 1–38.  Claim 17 contains one element with ten sub-elements. *See id.*

    The FAC does not contain allegations that the Accused Games contain each limitation of Claim 17 of the '664 Patent. (*See* First Am. Compl. ¶¶ 135–40).  Even assuming for the sake of argument that the screen shots of the Accused Games incorporated into the FAC may substitute for written allegations of fact and that each screen shot presented establishes the practice of the respective elements of Claim 17 to which Plaintiffs have compared them, Plaintiffs have not

addressed each element of Claim 17. The FAC addresses only the first sub-element, (*id.* ¶ 135), the second sub-element, (*id.* ¶ 136), the third sub-element, (*id.* ¶ 137), the seventh sub-element, (*id.* ¶ 138), the eighth sub-element, (*id.* ¶ 139), and the ninth and tenth sub-elements, (*id.* ¶ 140). Plaintiffs make no allegations as to the fourth through sixth sub-elements of the single element of Claim 17, i.e., the "identify," "receive," and "form" sub-elements. *See* U.S. Patent No. 8,814,664 col. 32, ll. 19–25. Nor do Plaintiffs make a sufficient allegation as to the single element itself. *See id.* col. 32, l. 2–3. The relevant allegation leaves a conspicuous absence (via ellipsis) of "a non-transitory medium having stored thereon a plurality of," as required to satisfy the single element of Claim 17. (*See* First. Am. Compl. ¶ 135). The Court therefore dismisses the claim of infringement of the '664 Patent, with leave to amend.

  **e.**  **The '518 Patent**

Claim 9 of the '518 Patent reads in full:

> An apparatus for supporting multiple users in electronic gaming, the apparatus comprising:
>
> > at least one processor; and
> >
> > a memory electronically coupled to the at least processor and having software stored thereon that when executed by the at least one processor directs the at least one processor to:
> >
> > > establish for a user of the apparatus a user profile on a data storage device, wherein the user accesses the apparatus via an electronic device;
> > >
> > > receive via a communications network from the electronic device location data of the electronic device, wherein:
> > >
> > > > the electronic device comprises sensor for detecting location,
> > > >
> > > > the electronic device obtains the location data from the sensor, and
> > > >
> > > > the electronic device communicates the location data via the communications network;

> recognize an occurrence of an event;
>
> update the user profile in response to the event;
>
>> wherein to recognize the occurrence of the event comprises to determine, based on the location data, an existence of the user in a particular location, and
>>
>> wherein to update the user profile in response to the event comprises to store the particular location; and
>
> based on determining the existence of the user in the particular location, initiate a gaming session,
>
>> wherein to initiate the gaming session includes to communicate via the communications network information to the electronic device,
>>
>> wherein the information causes the electronic device to present via a display of the electronic device a gaming environment to the user or to present via the display to the user a modified gaming environment that indicates to the user a last gaming activity of a plurality of gaming activities accessed by the user during a prior gaming session,
>>
>> a determination as to whether to display the gaming environment or the modified gaming environment being based on whether there is or is not a stored indication of a last one of the plurality gaming activities accessed by the user during the prior gaming session.

U.S. Patent No. 9,355,518 col. 27, l. 66–col. 28, l. 38. Claim 9 contains two elements, the second of which contains five sub-elements, the second of which in turn contains three sub-sub-elements, the fourth of which in turn contains two sub-sub-elements, and the fifth of which in turn contains three sub-sub-elements. *See id.*

      The FAC does not contain allegations that the Accused Games contain each limitation of Claim 9 of the '518 Patent. (*See* First Am. Compl. ¶¶ 148–52). Even assuming for the sake of argument that the screen shots of the Accused Games incorporated into the FAC may substitute for written allegations of fact and that each screen shot presented establishes the practice of the

respective elements of Claim 9 to which Plaintiffs have compared them, Plaintiffs have not addressed each element of Claim 9. The FAC addresses only the second element, (*id.* ¶ 148), the first sub-element of the second element, (*id.*), the second sub-element of the second element and the three sub-sub-elements thereof, (*id.* ¶ 149), the third and fourth sub-elements of the second element and the two sub-sub-elements of the fourth sub-element, (*id.* ¶ 150), and the fifth sub-element of the second element and the three sub-sub-elements thereof, (*id.* ¶ 151–52). Plaintiffs make no allegations as to the first element of Claim 9, i.e., the "processor" element. *See* U.S. Patent No. 9,355,518 col. 28, l. 1. The relevant allegation leaves a conspicuous absence (via ellipsis) of "at least one processor," as required to satisfy the first element of Claim 9. (*See* First. Am. Compl. ¶ 148). The Court therefore dismisses the claim of infringement of the '518 Patent, with leave to amend.

  **f.**  **The '952 Patent**

Claim 1 of the '952 Patent reads in full:

An apparatus, comprising:

at least one processor; and

a memory that stores instructions which, when executed by the at least one processor, direct the at least one processor to:

  determine a plurality of selectable betting parameters for a wager in a game,

    each selectable betting parameter comprising a game parameter that affects an outcome of a bet by a first user in the game,

    the plurality of selectable betting parameters comprising at least a first selectable betting parameter and a second selectable betting parameter,

    the game being played by at least one user using a corresponding at least one wireless gaming terminal associated with each of the at least one user, each of the at least one wireless gaming terminal having a wireless network interface operable to transmit and

>> receive gaming information, the at least one user comprising the first user,
>
>> in which each wireless gaming terminal is in communication with a location determination system that determines a location of the wireless gaming terminal, each wireless gaming terminal further having a user interface for interacting with a corresponding user of the wireless gaming terminal to implement a game, wherein the game depends on the determined location;
>
> determine a plurality of different locations in a gaming area,
>
>> each location corresponding to at least one of the plurality of selectable betting parameters,
>
>> the plurality of locations comprising at least a first location corresponding to the first betting parameter and a second location corresponding to the second betting parameter,
>
>> in which the first location is different from the second location,
>
>> in which the first selectable betting parameter is different from the second selectable betting parameter such that a selection of the first selectable betting parameter would cause a different result for the bet than a selection of the second selectable betting parameter;
>
> during the game, determine a location of at least one wireless gaming terminal corresponding to each of the at least one user in the game, in which the act of determining the location of the at least one wireless gaming terminal comprises determining a location of the first user by determining a location of a first wireless gaming terminal of the first user;
>
> determine at least one of the plurality of selectable betting parameters associated with the at least one user in the game based on the determined location of the at least one user, in which the act of determining at least one of the plurality of selectable betting parameters comprises determining at least one of the plurality of selectable betting parameters associated with the first user based on the determined location of the first user; and
>
> determine the outcome of the bet based at least in part on 45 the determined at least one betting parameter in accordance with one or more predetermined rules of the game.

U.S. Patent No. 9,306,952 col. 34, l. 51–col. 35, l. 48. Claim 1 contains two elements, the second of which contains five sub-elements, the first and second of which in turn each contain four sub-sub-elements. *See id.*

The FAC does not contain allegations that the Accused Games contain each limitation of Claim 1 of the '952 Patent. (*See* First Am. Compl. ¶¶ 160–65). Even assuming for the sake of argument that the screen shots of the Accused Games incorporated into the FAC may substitute for written allegations of fact and that each screen shot presented establishes the practice of the respective elements of Claim 1 to which Plaintiffs have compared them, Plaintiffs have not addressed each element of Claim 1. The FAC addresses only the second element, (*id.* ¶ 160), the first sub-element thereof, (*id.*), the second sub-sub-element thereof, (*id.*), the third and fourth sub-sub-elements thereof, (*id.* ¶ 161), the second sub-element of the second element and the first three sub-sub-elements thereof, (*id.* ¶ 162), and the third through fifth sub-elements of the second element, (*id.* ¶¶ 163–65). Plaintiffs make no allegations as to the first element of Claim 1, i.e., the "processor" element, *see* U.S. Patent No. 9,306,952 col. 34, l. 52, the first sub-sub-element of the first sub-element of the second element, *see id.* col. 34, ll. 58–60, or the fourth sub-sub-element of the second sub-element of the second element, *see id.* col. 35, ll. 23–28. The Court therefore dismisses the claim of infringement of the '952 Patent, with leave to amend.

### 3. Willful Infringement

Finally, the Court addresses the sufficiency of the allegations of willfulness under Cause of Action 13. Plaintiffs allege:

> FanDuel has been aware of at least the RE'818, '628, '511, '924, '394, '166, and '169 patents since receiving notice on or about July 15, 2014. FanDuel was also made aware of the '417, '058, '664, '518, and '952 patents as early as the filing of this lawsuit. FanDuel's continued use of its infringing products constitutes willful and blatant infringement.

(Am. Compl. ¶ 169; Notice Letter, July 15, 2014, ECF No. 31-1). The date of notice as to the existence of asserted patents is crucial to allegations of willful infringement.

> [I]n ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct. It is certainly true that patent infringement is an ongoing offense that can continue after litigation has commenced. However, when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. So a

> willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct. By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement. A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct. Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

*In re Seagate Technology, LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc) (citations omitted). The present lawsuit was filed on April 8, 2016. Accordingly, of the Patents that survive as to invalidity, only the '818, '511, and '166 Patents have been sufficiently alleged to have been willfully infringed (assuming the FAC is amended to sufficiently allege infringement of those patents generally). The Court rejects the argument that Defendant was on sufficient notice of its alleged infringement of related patents via Plaintiffs' indication in the letter that the allegedly infringed patents were "part of a much larger portfolio." The Court dismisses the willful infringement claim as to the '058, '664, '518, and '952 Patents, with leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Sever (ECF No. 46) is DENIED.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 45) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 44) is GRANTED, with leave to amend.

IT IS SO ORDERED.

DATED: This 18th day of October, 2016.

_____
ROBERT C. JONES
United States District Judge