**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>FANDUEL, INC.,<br><br>    Defendant. | 2:16-cv-00801-RCJ-VCF<br><br>For Pre-Trial Discovery Purposes, Consolidated with:<br>2:16-cv-00781-RCJ-VCF<br>2:16-cv-00856-RCJ-VCF<br>2:16-cv-00857-RCJ-VCF<br>2:16-cv-00858-RCJ-VCF<br>2:16-cv-00859-RCJ-VCF<br>2:16-cv-00871-RCJ-VCF<br><br>**<u>PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS FOR CONSOLIDATED CASES</u>** |

  Pursuant to Local Patent Rule 1-4 and Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order") setting forth the conditions for treating, obtaining, and using documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information by Plaintiffs, CG Technology Development, LLC, Interactive Games Limited, and Interactive Games LLC, and each of the Defendants in the above-captioned cases.

1. Definitions

  (a) "Actions" means the above-captioned litigations in the United States District Court for the District of Nevada, Case Nos. 2:16-cv-00781-RCJ-VCF; 2:16-cv-00801-RCJ-VCF; 2:16-cv-

00856-RCJ-VCF; 2:16-cv-00857-RCJ-VCF; 2:16-cv-00858- RCJ-VCF; 2:16-cv-00859-RCJ-VCF; and 2:16-cv-00871-RCJ-VCF.

(b) "Defendants," or each, individually, a "Defendant," means the defendant(s) named in each of the Actions now consolidated for pre-trial discovery purposes only.

(c) "Outside Counsel" means (i) outside attorneys who appear on the pleadings or docket for the Actions as counsel for a Party, (ii) partners and associates of the law firms of such attorneys to whom it is reasonably necessary to disclose Protected Material for the Actions and who receive Protected Material, and (iii) outside attorneys who sign the Undertaking attached as Appendix A hereto.

(d) "Party" means any party to the Actions, including all officers, directors, employees, consultants, and retained experts.

(e) "Producing Party" means any Party or other third-party entity who discloses or produces any discovery material in the Actions.

(f) "Protected Material" means any material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in this Order. Protected Material shall not include published advertising materials, materials that have been disseminated to the public, or information that the Receiving Party can show was lawfully in the Receiving Party's possession prior to being designated as Protected Material in the Actions.

(g) "Receiving Party" means any Party who receives discovery material from a Producing Party.

(h) "Source Code" means computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator, or other data processing module.

2. Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL

- OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE." The confidentiality designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the confidentiality designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as Protected Material.

3. A Producing Party may designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information of the Producing Party or a third party to whom the Producing Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

4. A Producing Party may designate documents, information or material as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only upon a good faith belief that the documents, information, or material contains trade secrets, proprietary financial or technical or commercially-sensitive competitive information, including but not limited to strategic plans, technical documents that would reveal trade secrets, or technical documents that would reveal the operation of Source Code of the Producing Party or a third party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material, and the Producing Party reasonably believes that the disclosure of such Protected Material is likely to cause economic harm or competitive disadvantage to the Producing Party.

5. A Producing Party may designate documents, information or material that includes Source Code as "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

6. Nothing in this Order shall restrict in any way the use or disclosure by a Receiving Party of material (a) that is or has become publicly known through no fault of the Receiving Party;

7.      (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; or (c) previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake.

8.      By entering into this Protective Order, no party is agreeing to the relevance or materiality of any discovery request or is otherwise waiving any objections to the production of any type of Protected Material described herein. This Protective Order is entered into by the Parties solely in the event documents or things which may be agreed to be produced or ordered to be produced in the Actions may be designated as Protected Material subject to this Protective Order.

9.      A designation of Protected Material (i.e., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as Protected Material shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces confidential material without designating it as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" may request destruction of that material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced materials and any documents, information or material derived from or based thereon.

10.     Protected Material marked "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" may be disclosed only to the following persons, except upon receipt of the prior written consent of the Producing Party or upon order of the Court:

(a) Outside Counsel and employees of such Outside Counsel reasonably necessary to assist such Outside Counsel in the litigation of the Actions;

(b) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of the Actions, provided that (1) such consultants or experts are not current employees of any Party and (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto, and the Undertaking is served upon the Producing Party with a written notice that includes (i) the name of the consultant or expert, (ii) the present employer, business address, and title of the consultant or expert, (iii) a current curriculum vitae of the consultant or expert, and (iv) a list of all other cases in which, during the previous four (4) years, the consultant or expert testified as an expert at trial or by deposition with a brief description of the subject matter of the consultancy or employment in connection with those cases. Such written notice and information shall be provided to the Producing Party at least ten (10) days before access to the Protected Material is to be given to that consultant or expert. The Producing Party shall have ten (10) days after such notice is provided to notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(c) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document

        imaging, and database services retained by Outside Counsel and reasonably necessary to assist Outside Counsel with the litigation of the Actions; and

    (d) the Court and its personnel.

11. "CONFIDENTIAL" Protected Material may be disclosed only to the following persons, except upon receipt of the prior written consent of the Producing Party or upon order of the Court:

    (a) all persons to whom "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Protected Material may be disclosed pursuant to Paragraph 10 herein; and

    (b) up to two (2) persons employed as in-house counsel by a Party who either have responsibility for making decisions dealing directly with the litigation of the Actions, or who are otherwise assisting Outside Counsel in the litigation of the Actions, including secretarial and support personnel reasonably necessary to assist such in-house counsel.

12. No Defendant is required to produce its Protected Material to any other Defendant or Defendants, but nothing in this Order shall preclude such production if the affected Parties so agree. Plaintiffs, including Plaintiffs' Outside Counsel, experts, and consultants, shall not disclose one Defendant's Protected Material to any other Defendant through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means, absent agreement of the Defendant that produced the Protected Material. Any pleadings, reports, communications, papers or other information submitted to the Court containing Protected Material of a particular Defendant shall be filed and served only to Outside Counsel for the Parties in the Action in which the particular Defendant is named.

13. Protected Material produced in the Actions shall be used by the Parties only in the litigation of the Actions and shall not be used for any other purpose.  Nothing in this Protective Order shall be construed to prevent Outside Counsel from advising their clients with respect to the Actions based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as

provided in this Order. Any person or entity who obtains access to Protected Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Protected Material or any portion thereof except as may be reasonably necessary in the litigation of the Actions. Any such copies, duplicates, extracts, summaries or descriptions shall be classified Protected Materials and subject to all of the terms and conditions of this Protective Order.

14. For Protected Material designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," the following restrictions apply:

    (a) If a Producing Party wishes to waive or otherwise reduce the restrictions set forth below on the production of Source Code, it may do so by agreement in writing with the Receiving Party. However, no action taken (or not taken) by the Producing Party shall be considered a waiver of the provisions of protection set forth herein relating to Source Code absent written agreement between the Producing Party and the Receiving Party explicitly addressing such.

    (b) Access to Protected Material designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be limited to Outside Counsel and up to three (3) outside consultants or experts for each Party retained for the purpose of the Actions and approved to access such Protected Materials pursuant to Paragraph 10(b) herein. A Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document (hereinafter "Source Code Document"), provided that the Source Code Documents are appropriately marked under this Protective Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

    (c) The Receiving Party may only include excerpts of Source Code that are reasonably necessary for the purposes for which such part of the Source Code is used in any Source Code Document. To the extent portions of Source Code are quoted in a Source Code Document, either: (1) the

entire Source Code Document will be stamped and treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" or (2) those pages containing quoted Source Code will be separately stamped and treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

(d) Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

(e) Outside Counsel, consultants, and experts for the Receiving Party shall be entitled to take notes relating to the Source Code. Such notes shall themselves thereafter be deemed "Source Code" and treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" for all purposes and provisions herein, except that the Outside Counsel, consultants, or experts for the Receiving Party may keep the original of such notes (but such originals shall be subject to all restrictions placed on copies in the possession of a Receiving Party included within this Protective Order).

(f) Other recording devices, recordable media, or other electronic devices (including but not limited to sound recorders, computers, PDAs, landline or cellular telephones, peripheral equipment, cameras, CDs, DVDs, floppy drives, zip drives, thumb drives, USB memory sticks, portable hard drives, BlackBerry® devices, or Dictaphones) shall not be permitted inside the secure room containing the stand- alone computer(s).

(g) Persons authorized to have access to Source Code for a Receiving Party under this Protective Order shall protect Source Code of the Producing Party with at least as much care as the Receiving Party would give to its own confidential trade secret Source Code, and in no case less than a reasonable degree of care. In addition to and apart from the steps required by the previous sentence, the Receiving Party shall maintain and store any paper copies of the Source

Code or notes related to such Source Code in a manner that prevents unauthorized access to the Source Code material or notes.

(h) If Outside Counsel, consultants, or experts for the Receiving Party obtain printouts or photocopies of Source Code, the Receiving Party shall ensure that such Outside Counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such Outside Counsel, consultants, or experts. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition).

(i) No electronic copies of the Source Code need be provided by the Producing Party to the Receiving Party. The Receiving Party is not to create any electronic copies except as necessary to create documents which, pursuant to the Court's rules, procedures, and order, must be filed or served electronically.

(j) All paper copies of Source Code shall be returned to the Producing Party, or at the Producing Party's option securely destroyed (and the Receiving Party shall certify to the Producing Party in writing the fact of such destruction), if they are no longer necessary in the Actions (e.g., extra copies at the conclusion of a deposition). Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcriptions; rather, the deposition record will identify the exhibit by its production numbers.

(k) A Producing Party's Source Code shall be made available in electronic format for inspection at the office of the Producing Party's Outside Counsel or another location mutually agreed upon by the Producing Party and a Receiving Party. The Source Code shall be made available for inspection by the Producing Party on a "standalone" computer (that is, the computer may

   not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet). The Producing Party shall be entitled to have a person observe all entrances and exits from the Source Code reviewing room. The Producing Party may also visually monitor the activities of the Receiving Party's representatives during any Source Code review to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.

(l) The Receiving Party shall provide ten (10) days' notice prior to any inspection of Source Code. Such notice shall identify all persons who will review a Producing Party's Source Code on behalf of a Receiving Party.  The Receiving Party shall conduct any inspections during regular business hours (9:00 am to 6:00 pm local time). To the extent access is necessary outside of normal business hours, the Parties agree to cooperate in good faith and make reasonable efforts to  accommodate reasonable requests for access outside of normal business hours.

(m) Outside Counsel, consultants, and experts for the Receiving Party may request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial (which shall in no case exceed 25 consecutive pages nor 1000 total pages), but shall not request paper copies for the purposes of reviewing the  Source Code.  The Receiving Party's Outside Counsel may make no more than two (2) additional paper copies of any printed portions of Source Code. Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the Producing Party as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" may not be digitally imaged or otherwise duplicated, except to the extent the Court requires electronic filing of sealed materials, electronic copies of such limited excerpts of Source Code as are reasonably needed for use as exhibits to court filings. Any court filings including Source Code shall be filed under seal in compliance with LR IA 10-5. Expert reports may refer to Source Code by Bates number and may reproduce limited excerpts of Source Code in the report itself as needed to identify or

     discuss specific Source Code on a Bates numbered page; however, expert reports shall not attach copies of Source Code as exhibits.

(n) The Producing Party shall have ten (10) days in which to object in writing as to the extent or relevance of printed Source Code portions. If no such objection is made, the Producing Party shall produce a copy of the printouts to the Receiving Party pursuant to the terms of Paragraph 14(h). If objection is made, the parties shall meet and confer within five (5) days in a good faith attempt to resolve the objection. If the objection is not resolved, the Producing Party shall have fourteen (14) days after the meet and confer in which to file a motion for relief from the Court for production of the printouts that are the subject of the objection. The printouts shall be retained by the Producing Party, and not produced, pending the Court's resolution of the dispute.

15. A prosecution bar is imposed as follows:

    Outside Counsel representing a Plaintiff, and any person associated with a Plaintiff permitted to receive a Defendant's technical Protected Material that is designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," who obtains, receives, has access to, or otherwise learns, in whole or in part, a Defendant's technical Protected Material designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" under this Protective Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application seeking a patent for networked gaming technology[3] during the pendency of an Action and for two years after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, Plaintiffs shall create an "ethical wall" between those persons with access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" technical

1  Protected Material and any individuals who prepare, prosecute, supervise, or assist in the preparation
2  or prosecution of any patent application pertaining to networked gaming technology. To avoid any
3  doubt, "prosecution" as used in this paragraph does not include representing or advising a party before
4  a domestic or foreign agency in connection with a reissue protest, ex parte reexamination, covered
5  business method review, or inter partes review; though in connection with any such reissue protest, ex
6  parte reexamination, covered business method review, or inter partes review involving the patents-in-
7  suit, Outside Counsel for Plaintiffs shall not: (i) participate in the preparation of any amended claims;
8  (ii) reveal any of Defendants' technical Protected Material to any prosecuting reexamination counsel
9  or agent; or (iii) use Defendants' technical Protected  SOURCE CODE" technical Protected Material
10 and any individuals who prepare, prosecute, supervise, or assist in the preparation or prosecution of
11 any patent application pertaining to networked gaming technology. To avoid any doubt, "prosecution"
12 as used in this paragraph does not include representing or advising a party before a domestic or foreign
13 agency in connection with a reissue protest, ex parte reexamination, covered business method review,
14 or inter partes review; though in connection with any such reissue protest, ex parte reexamination,
15 covered business method review, or inter partes review involving the patents-in-suit, Outside Counsel
16 for Plaintiffs shall not: (i) participate in the preparation of any amended claims; (ii) reveal any of
17 Defendants' technical Protected Material to any prosecuting reexamination counsel or agent; or (iii)
18 use Defendants' technical Protected  Material for any purpose other than this litigation.

20  16.     Nothing in this Order shall require production of documents, information or other material that a
21 Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or
22 any other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim
23 of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is
24 inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise
25 constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that

inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s). The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the Producing Party in order for such Party to avail itself of the provisions of this paragraph. The fact of the inadvertent production cannot be used by the Receiving Party as a basis for any motion to compel.

17. There shall be no disclosure of any Protected Material by any person authorized to have access thereto to any person who is not authorized for such access under this Protective Order. The Parties shall safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

18. Nothing contained herein shall be construed to prejudice any Party's right to use any Protected Material in taking testimony at any deposition or hearing provided that the Protected Material is only disclosed to a person(s) who is: (i) eligible to have access to the Protected Material by virtue of his or her employment with the Producing Party; (ii) identified in the Protected Material as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such Protected Material, has, in the ordinary course of business, seen such Protected Material; (iv) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (v) counsel for a Party, including Outside Counsel and in-house counsel (subject to Paragraphs 10-11 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of the Actions; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access Protected Material.

1  Protected Material shall not be disclosed to any other persons unless prior authorization is obtained from
2  counsel representing the Producing Party or from the Court.

3  19. Parties may, at a deposition or hearing or within thirty (30) days after receipt of a deposition or
4  hearing transcript, designate the deposition or hearing transcript or any portion thereof as
5  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or
6  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" pursuant
7  to this Protective Order. Access to the deposition or hearing transcript so designated shall be limited in
8  accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or
9  hearing transcript shall be treated as Protected Material.

10 20. Any Protected Material that is filed with the Court shall be filed under seal and shall remain under
11 seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the
12 Court that the filing should be sealed and for placing the legend, pursuant to Local Rule 10-5, "FILED
13 UNDER SEAL PURSUANT TO COURT ORDER DATED _" above the caption and conspicuously on
14 each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this
15 Protective Order. The Party who has designated such materials as Protected Material shall, within 10 days
16 after the filing of the document under seal, submit a motion to the Court making the showing required
17 under Kamakana v. City and County of Honolulu, 447 F.3d 172 (9th Cir. 2006) and Center for Auto Safety
18 v. Chrysler Group, LLC, 809 F.3d 1092 (9th Cir. 2016) to sustain the sealed status of such materials.
19 When filings are made under seal, the parties agree to file through the Court's Electronic Case Filing
20 Procedures redacted versions of such filings with any Protected Material removed. In complying with this
21 requirement, the parties shall exercise good faith in redacting Protected Material of other parties.

22 21. This Protective Order applies to pretrial discovery. Nothing in this Order shall be deemed to
23 prevent the Parties from introducing any Protected Material into evidence at the trial of the Actions, or
24 from using any information contained in Protected Material at the trial of the Actions, subject to any
25 pretrial order issued by this Court.

22. A Party may request in writing to another Party that the designation given to any Protected Material be modified or withdrawn. If the Producing Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the Producing Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to that Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the Producing Party shall be maintained.

23. To the extent that any discovery is taken of persons who are not Parties to the Actions, and in the event that such third parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such third parties may agree to be bound by this Protective Order.

24. To the extent that discovery or testimony is taken of a third party, the third party may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" any documents, information, or other material, in whole or in part, produced or given by such third party. The third party shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs first, all documents, information, or other material so produced or given shall be treated as Protected Material in accordance with this Order.

25. Within thirty (30) days of final termination of any of the Actions, including any appeals, all Protected Material produced in that Action, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in the Action),

shall at the Producing Party's election either be returned to the Producing Party or be destroyed. The Receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request.

26. The failure to designate documents, information, or material in accordance with this Protective Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Protective Order or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27. Any Party knowing or believing that another Party is in violation of or intends to violate this Protective Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Protective Order.

28. Production of Protected Material by any Party shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Party may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

29. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30. Each of the Parties shall also retain the right to file a motion with the Court to: (a) modify this Protective Order to allow disclosure of Protected Material to additional persons or entities if reasonably necessary to litigate the Actions; or (b) apply for additional protection of Protected Material.

31. No reference may be made at trial in this action in the presence of the jury to the existence of this Order or to the effect that certain material is subject to this Order, unless permitted by the Court.

32. Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this mater.

33. In the event that Protected Material disclosed during the course of the Actions is sought by any person or entity not a Party to the Actions, whether by subpoena in another action or service with any legal process, the Party receiving such subpoena or service shall promptly notify in writing Outside Counsel for the Producing Party if such subpoena or service demands the production of Protected Material of such Producing Party.  Any such person or entity seeking such Protected Material by attempting to enforce such subpoena or other legal process shall be apprised of this Protective Order by Outside Counsel for the Party upon whom the subpoena or process was served. Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring production of Protected Material covered by this Protective  Order, or to subject itself to penalties for non-compliance with any legal process or order.

DATED this 30th day of December, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

# UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

# APPENDIX A

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC,

        Plaintiff,

vs.

_____,

        Defendant(s).

2:16-cv-00802-RCJ-VCF

For Pre-Trial Discovery Purposes, Consolidated with:
2:16-cv-00781-RCJ-VCF
2:16-cv-00856-RCJ-VCF
2:16-cv-00857-RCJ-VCF
2:16-cv-00858-RCJ-VCF
2:16-cv-00859-RCJ-VCF
2:16-cv-00871-RCJ-VCF

**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, _____, acknowledge and declare that:

1. My address is _____.

My current employer is _____.

My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" that is disclosed to me.

4.   Promptly upon termination of these actions, I will destroy or return to the outside counsel for the party by whom I am employed all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto. I will also provide written certification to the outside counsel for the party by whom I am employed that all such documents and things have been returned or destroyed.

Signature _____

Date _____