# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC et al., <br><br> Plaintiffs, <br><br> vs. <br><br> FANDUEL, INC., <br><br> Defendant. | 2:16-cv-00801-RCJ-VCF <br><br> **ORDER** |

These consolidates cases arise out of the alleged infringement of several patents relating to automated gambling. Defendant in the Lead Case, No. 2:16-cv-801, has filed a partial motion to dismiss the Second Amended Complaint ("SAC").

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiffs CG Technology Development, Inc. ("CG Tech"), Interactive Games Limited ("IG Ltd."), and Interactive Games LLC ("IG LLC") accuse Defendant FanDuel, Inc. of infringing the following claims of the listed patents ("the Patents") through the use of its online fantasy sports contests ("the Accused Games"): (1) Claim 20 of U.S. Patent No. RE39,818; (2) Claim 31 of U.S. Patent No. 6,899,628; (3) Claim 1 of U.S. Patent No. 9,111,417; (4) Claim 16 of U.S. Patent No. 8,641,511; (5) Claim 11 of U.S. Patent No. 8,342,924; (6) Claim 1 of U.S. Patent No. 7,029,394; (7) Claim 39 of U.S. Patent No. 6,884,166; (8) Claim 1 of U.S. Patent No. 7,534,169; (9) Claim 19 of U.S. Patent No. 8,771,058; (10) Claim 17 of U.S. Patent No.

8,814,664; (11) Claim 9 of U.S. Patent No. 9,355,518; and (12) Claim 1 of U.S. Patent No. 9,306,952. CG Tech owns the '818 Patent for a wireless controller (Cause of Action 1); IG Ltd. owns the '628, '417, '924, '394, and '166 Patents for enhanced services for gaming applications (Causes of Action 2, 3, 5, 6, and 7), and IG LLC owns the '511, '169, '058, '664, '518, and '952 Patents for location-based game configurations (Causes of Action 4, 8, 9, 10, 11, and 12).

Defendant previously asked the Court to: (1) dismiss for failure to state a claim; (2) stay the case with respect to the '818 Patent pending the resolution of its ownership in the U.S. District Court for the Southern District of New York; and (3) sever the case into three cases according to ownership of the Patents and category of technology. The Court denied the motions to stay and to sever and granted the motion to dismiss, with leave to amend. Specifically, the Court ruled that the '628, '417, '924, '394, and '169 Patents were directed to unpatentable subject matter under 35 U.S.C. § 101 and *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), and that Plaintiffs had failed to state a claim of infringement as to the '818, '511, '166, '058, '664, '518, and '952 Patents.

Plaintiffs have filed the SAC, alleging infringement of the '818, '511, '166, '058, '518, and '952 Patents in the first six causes of action, respectively, and willful infringement of each of them in the seventh cause of action. Defendant has asked the Court to: (1) dismiss the claims of infringement of the '818, '511, and '166 Patents for failure to state a claim and without leave to amend; (2) dismiss the claims of infringement of the '511, and '166 Patents under § 101 and *Alice Corp.*; and (3) dismiss the claims of willful infringement of the '058, '518, and '952 Patents for failure to state a claim and without leave to amend. Because Defendant answered the SAC before filing the present motion to dismiss it, the present motion must be treated under Rule 12(c) rather than Rule 12(b).

///

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has

specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).  Put differently, *Conley* only required a plaintiff to identify a major premise (a cause of action), but *Twombly* and *Iqbal* require a plaintiff also to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  The standards governing a Rule 12(c) motion are the same as those governing a Rule 12(b)(6) motion. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference . . . is the time of filing. . . . [T]he motions are functionally identical . . . .").

///

### III. ANALYSIS

#### A. Infringement of the '818, '511, and '166 Patents

A defendant is liable for direct patent infringement if he "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor . . . ." 35 U.S.C. § 271(a). "Under the 'all elements' rule, to find infringement, the accused device must contain 'each limitation of the claim, either literally or by an equivalent.'" *TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1379 (Fed. Cir. 2008) (quoting *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005) (citing *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997))).

The requirement of providing infringement contentions element-by-element under the Local Rules does not permit a more flexible application of Civil Rule 8(a) at the dismissal stage. *Iqbal* and *Twombly* have always applied to claims of indirect infringement. *See Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig. (R+L Carriers, Inc. v. DriverTech LLC )*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)) (noting that only claims of direct infringement, not claims of indirect infringement, could be pled using Form 18). Although Form 18 formerly applied to claims of direct infringement, obviating the *Twombly*/*Iqbal* pleading standard for such claims if the form was used, both Form 18 and Civil Rule 84 (authorizing the form) were deleted from the Civil Rules in 2015, extinguishing the exception to the *Twombly*/*Iqbal* pleading standard for direct infringement claims.

Local Rule 16.1-6, providing for the initial disclosure of infringement contentions before discovery, was adopted no later than 2011, i.e., at a time when Form 18 permitted a direct infringement plaintiff to obtain full discovery with a bare-bones pleading that would not survive

1  *Iqbal* and *Twombly*.  As in other districts with similar local rules, "[b]y requiring the party
2  claiming invalidity to flesh out and support its invalidity contentions early on, the Patent Local
3  Rules fulfill[ed] the function of *Twombly* and *Iqbal*." *Wistron Corp. v. Phillip M. Adams &*
4  *Assocs., LLC*, 2011 WL 1654466, at *11 (N.D. Cal. Apr. 28, 2011) (Chen, Mag. J.).  But the fact
5  that certain aspects of Local Rule 16.1-6 may have been rendered redundant via Civil Rule 84's
6  deletion and the resulting application of *Iqbal* and *Twombly* to direct infringement claims does
7  not mean that the Local Rules may be interpreted so as to abrogate the operation of the Civil
8  Rules.  *See* Fed. R. Civ. P. 83(a)(1).  The Supreme Court's interpretation of Civil Rule 8(a)
9  requires plausible allegations as to all elements of a cause of action, and the elements of a cause
10  of action for direct infringement include each limitation of the patent claim at issue.  In any case,
11  the current (2016) version of Local Patent Rule 1-6 (the infringement contentions rule) requires
12  much more detailed allegations than *Iqbal* and *Twombly* do, so it is not redundant to hold
13  infringement plaintiffs to the lesser strictures of Civil Rule 8(a) at the pleading stage.

14   **1.   The '818 Patent**

15  Claim 20 of the '818 Patent reads in full:

16  A game apparatus comprising:

17  a wireless transmitter to transmit both an identification code and game control
    signals to a processor executing a game, the identification code is used by the
18  processor to retrieve identification data and authorize game play based at least in
    part on an age of a player; and

19  
    a plurality of input controls to allow the player to interact with the processor to play
20  the game.

21  U.S. Patent No. RE39,818 col. 7, ll. 25–33.  Claim 20 contains two elements.

22  The SAC contains allegations that the Accused Games contain each limitation of Claim
23  20 of the '818 Patent. (*See* Second Am. Compl. ¶¶ 34–36).  The Court finds that the screen shots
24  of the Accused Games incorporated into the SAC may substitute for written allegations of fact

where the relevant allegations are clearly implied thereby. The first element is sufficiently alleged via screenshots (the screenshot includes the well-known symbol for Wi-Fi access at the top), implying transmission of an identification code linked to identification data, including age (the screenshots indicate that at least a name, username, address, and date of birth must be entered to register to play the game). (*See id.* ¶¶ 34–35). Game control signals are also required to play the game (screenshots indicate that players choose sports players via the wireless controller), satisfying the second element. (*See id.* ¶¶ 34, 36). The Court therefore denies the motion to dismiss the claim of infringement of the '818 Patent.

### 2. The '511 Patent

Claim 16 of the '511 Patent reads in full:

A method comprising:

opening, by a computer system, a gaming account for a client;

establishing, by the computer system, an amount of consideration in the gaming account of the client, in which the money may be used to play games;

after opening the gaming account and establishing the amount of consideration, authorizing, by the computer system, the client to access the gaming account from a computing device by verifying login credentials of the client received from the computing device;

determining, by the computer system, a set of events on which the games are based;

presenting, by the computer system, to the client through the computing device, a display indicating at least some of the set of event;

receiving, by the computer system, a first request from the client to enter into a game based on at least one event;

receiving, by the computer system, a second request from another client to enter into an opposite side of the game based on the at least one event;

matching, by the computer system, the first request and the second request in response to receiving the first offer and the second offer into the game, in which the game includes a game between the client and the other client;

> forming, by the computer system, one obligation with a gaming operator to pay the first client for winning the game with the client and forming one other obligation with the gaming operator to pay the second client for winning the game with the other client; and
>
> managing, by the computer system, the amount of consideration in the wagering account credits based on placement of the one or more wagers and outcomes of the one or more wagers.

U.S. Patent No. 8,641,511 col. 13, l. 17–col. 14, l. 37.  Claim 16 contains ten elements. *See id.*

The SAC contains allegations that the Accused Games contain each limitation of Claim 16 of the '511 Patent. (*See* Second Am. Compl. ¶¶ 45–54).  The Court finds that the screen shots of the Accused Games incorporated into the SAC may substitute for written allegations of fact and that the relevant allegations are clearly implied thereby.  The SAC sufficiently alleges that the Accused Games contain each element of Claim 16. (*See id.*).

### 3.   The '166 Patent

Claim 39 of the '166 Patent reads in full:

> A system for establishing a wager associated with a gaming application, comprising:
>
> a server that hosts a gaming application for a plurality of users;
>
> a processor remotely coupled to the server that:
>
> > receives a wager offer generated by a first user, wherein the wager offer is associated with the gaming application;
> >
> > presents the wager offer to a plurality of second users;
> >
> > receives a wager acceptance by a second user, the wager offer and the wager acceptance combining to form a wager between the first user and the second user; and
> >
> > generates a wager record in response to receiving the wager acceptance, the wager record associated with the wager between the first user and the second user and comprising a plurality of wager parameters; and
>
> a memory coupled to the processor that stores the wager record according to a wager record identifier.

U.S. Patent No. 6,884,166 col. 23, l. 55–col. 24, l. 6.  Claim 39 contains three elements, the second of which contains four sub-elements. *See id.*

The SAC contains allegations that the Accused Games contain each limitation of Claim 39 of the '166 Patent. (*See* Second Am. Compl. ¶¶ 63–68).  The Court finds that the screen shots of the Accused Games incorporated into the SAC may substitute for written allegations of fact and that the relevant allegations are clearly implied thereby.  The SAC addresses the first and second elements, (*id.* ¶ 64), the sub-elements of the second element, (*id.* ¶¶ 65–67), and the third element, (*see id.* ¶ 68).  Although Plaintiffs do not have access to Defendant's equipment, it is a fair allegation based on the screen shots of the Accused Games that they are operated by means of a processor coupled to a server and a memory.

### B.     Patentability of the '511 and '166 Patents

Movants argue that the '511 and '166 Patents are patent-ineligible under *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).  Plaintiffs respond that they disagree and wish to preserve their right to appeal but are content for the Court to rule that these Patents are patent-ineligible under § 101, consistent with the Court's ruling in Case No. 2:16-cv-781.  The Court so rules, for the reasons given in that case.

### C.     Willful Infringement of the '058, '518, and '952 Patents

Plaintiffs allege:

> FanDuel has been aware of at least the RE'818, '511, and '166 patents since receiving notice on or about July 15, 2014.  FanDuel was also made aware of the '058, '518, and '952 patents as early as the filing of the First Amended Complaint (ECF No. 31).  FanDuel's continued offer, use, and promotion of its infringing platforms constitutes willful and egregious infringement behavior.

(Second Am. Compl. ¶ 121; Notice Letter, July 15, 2014, ECF No. 31-1 (accusing Defendant of infringement of, *inter alia*, the RE'818, '511, and '166 Patents, but not the '058, '518, or '952

Patents)).  The date of an alleged infringer's knowledge of his infringement of asserted patents is crucial to allegations of willfuness:

> [I]n ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct.  It is certainly true that patent infringement is an ongoing offense that can continue after litigation has commenced.  However, when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement.  So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct.  By contrast, when an accused infringer's post-filing conduct is reckless, a patentee can move for a preliminary injunction, which generally provides an adequate remedy for combating post-filing willful infringement.  A patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.  Similarly, if a patentee attempts to secure injunctive relief but fails, it is likely the infringement did not rise to the level of recklessness.

*In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc) (citations omitted).  *In re Seagate Tech.* has been vacated based on a rejection of the rule that willful infringement necessarily requires objective recklessness. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016).  But the above analysis as to the timing of allegations of willfulness (whatever the standard of willfulness) is a remedies issue, not an issue concerning the substantive standards of willfulness, and it presumably remains valid based on the independent authorities directly cited in *In re Seagate*. *See, e.g.*, *Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-cv-2024, 2016 WL 4427490, at *6 (N.D. Cal. Aug. 22, 2016).  Although a willful infringement plaintiff need no longer allege objective recklessness, he must allege some "egregious . . . misconduct," *Halo Elecs., Inc.*, 136 S. Ct. at 1935, occurring before the initial claim of infringement was filed, otherwise his remedy will ordinarily be limited to a preliminary injunction.

The FAC (the first version of the Complaint alleging infringement of the '058, '518, and '952 Patents) was filed on June 13, 2016.  The Court finds that Plaintiffs have not sufficiently alleged willful infringement of those Patents by reference to a pre-suit Notice Letter that did not identify them but only other patents that were "part of a much larger portfolio."  Nor are the

allegations of infringement in the FAC sufficient to support allegations of willful infringement in the SAC. If Plaintiffs believe Defendant's post-FAC conduct with respect to the '058, '518, and '952 Patents has been reckless, the proper remedy is to ask the Court for a preliminary injunction, not to simply seek enhanced damages via the SAC. *See* 35 U.S.C. § 283; Fed. R. Civ. P. 8; *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001). The Court dismisses the willful infringement claim as to the '058, '518, and '952 Patents, this time without leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 88) is GRANTED IN PART and DENIED IN PART. The Court will not dismiss the claim of infringement (or willful infringement) of the '818 Patent, but the motion is otherwise granted.

IT IS SO ORDERED.

Dated January 4, 2017.

_____
ROBERT C. JONES
United States District Judge