**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ZYNGA, INC., <br><br> Defendant. | 2:16-cv-00859-RCJ-VCF <br><br> **ORDER** |

This case arises out of the alleged infringement of eight patents. Pending before the Court is a renewed motion to stay.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff CG Technology Development, LLC ("CG Tech") is a wholly owned subsidiary of non-party CG Technology, L.P. ("CG"), which provides technology solutions for lottery, gaming, racing, and sports wagering. (Compl. ¶ 2, ECF No. 1). "[CG] specializes in providing secure, scalable, mobile technology and risk management solutions to integrated resorts, gaming partners, race and sports books, and lottery industries." (*Id.*). CG and CG Tech produce mobile phone applications for real-money and social casino gaming, as well as account-based wagering systems. (*Id.*).

Plaintiff CG Tech is the assignee of U.S. Patent No. RE39,818, (*id.* ¶ 19); Plaintiff Interactive Games Limited ("IG Limited") is the assignee of U.S. Patent Nos. 6,899,628,

6,979,267, 8,342,924, 7,029,394, 9,111,417, 6,966,832, (*id.* ¶¶ 31, 53, 67, 79, 89, 102); and Interactive Games LLC ("IG LLC") is the assignee of U.S. Patent No. 7,534,169, (*id.* ¶ 42). The eight patents involve various aspects of social casino gaming, which allows users to play casino games on mobile computing devices along with other users through an online community. (*Id.* ¶ 12). Defendant Zynga, Inc. ("Zynga") "is one of the largest developers offering social casino gaming." (*Id.* ¶ 13). "Zynga offers various types of social casino games to users, including slot and poker games." (*Id.* ¶ 14). Plaintiffs allege Defendant has infringed one or more claims of the eight patents (as well as willful infringement).

Defendant moved to sever the case into three by Plaintiff and also moved to dismiss for failure to state a claim. The Court denied the motion to sever and granted the motion to dismiss, with leave to amend. The Court later granted a motion to dismiss the Amended Complaint in part, with leave to amend.

More relevant here, the present member case was consolidated with the lead case and five other member cases on December 12, 2016. Ten days earlier, the Magistrate Judge had denied Defendant's motion to stay pending resolution of the ownership of the '818 Patent in the U.S. District Court for the Southern District of New York. The Court had denied a similar motion in in Lead Case No. 2:16-cv-801. The Court had reasoned that although it was possible Plaintiff would be determined not to own the '818 Patent (and therefore have no standing to sue for its infringement), and that Defendants would be harmed by having to conduct a defense against claims for its infringement, the possibility of Plaintiff having to conduct two trials (one for the other Patents, and another as to the '818 Patent) counseled against a stay.

## II.   DISCUSSION

Defendant has now renewed its motion to stay, noting that the New York jury has ruled that CG Tech breached its contract with the inventor of the '818 Patent by failing to return the

'818 Patent to him in August 2013. The New York court has not yet made post-trial rulings, but the return of the '818 Patent to the inventor is a possible outcome and does not appear "speculative," as Plaintiffs argue. Plaintiffs also argue that even if the '818 Patent is ordered returned or ruled to have been held in constructive trust, etc., CG Tech may retain the right to sue for infringement during some period. The Court finds that the uncertainty in the New York court's equitable remedy counsels in favor of a stay.

## CONCLUSION

IT IS HEREBY ORDERED that the Renewed Motion to Stay (ECF No. 121) is GRANTED, and Case No. 2:16-cv-859 is STAYED pending disposition of the '818 Patent by Judge Carter in Case No. 1:14-cv-9661 in the Southern District of New York.

IT IS SO ORDERED.

DATED: This 24th day of May, 2017.

_____
ROBERT C. JONES
United States District Judge