IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CG TECHNOLOGY DEVELOPMENT, LLC,
INTERACTIVE GAMES LIMITED, and
INTERACTIVE GAMES LLC,

        Plaintiffs,

v.

FANDUEL, INC.,

        Defendant.

Civil Action No. 1:17-cv-01041-RGA

## MEMORANDUM OPINION

Daniel M. Silver, Alexandra M. Joyce, MCCARTER & ENGLISH, LLP, Wilmington, DE; Robert F. Shaffer (argued), Scott A. Allen (argued), Abdul Ghani S. Hamadi, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP, Washington, DC;

    Attorneys for Plaintiffs

Kenneth L. Dorsney, MORRIS JAMES LLP, Wilmington, DE; Eric A. Buresh, Megan J. Redmond (argued), Carrie A. Bader, Clifford T. Brazen, ERISE IP, P.A., Overland Park, KS;

    Attorneys for Defendant

October , 2019


**ANDREWS, U.S. DISTRICT JUDGE:**

Presently before the Court is the issue of claim construction of multiple terms in U.S. Patent No. 8,771,058 ("the '058 patent"). The Court has considered the Parties' Joint Claim Construction Brief. (D.I. 305). The Court heard oral argument on September 26, 2019.

## I. BACKGROUND

Plaintiff filed this action on April 8, 2016, alleging infringement of the '058 patent. (D.I. 1). The asserted claim of the patent-in-suit claims a method for using the location of a mobile device to determine different game configurations. (D.I. 305 at 1; *see* '058 patent: claims 1 and 6).

## II. LEGAL STANDARD

"It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (internal quotation marks omitted). "'[T]here is no magic formula or catechism for conducting claim construction.' Instead, the court is free to attach the appropriate weight to appropriate sources 'in light of the statutes and policies that inform patent law.'" *SoftView LLC v. Apple Inc.*, 2013 WL 4758195, at *1 (D. Del. Sept. 4, 2013) (quoting *Phillips*, 415 F.3d at 1324) (alteration in original). When construing patent claims, a court considers the literal language of the claim, the patent specification, and the prosecution history. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977–80 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). Of these sources, "the specification is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." *Phillips*, 415 F.3d at 1315 (internal quotation marks omitted).

"[T]he words of a claim are generally given their ordinary and customary meaning. . . . [Which is] the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application." *Id.* at 1312–13 (citations and internal quotation marks omitted). "[T]he ordinary meaning of a claim term is its meaning to [an] ordinary artisan after reading the entire patent." *Id.* at 1321 (internal quotation marks omitted). "In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Id.* at 1314.

When a court relies solely upon the intrinsic evidence—the patent claims, the specification, and the prosecution history—the court's construction is a determination of law. *See Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015). The court may also make factual findings based upon consideration of extrinsic evidence, which "consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises." *Phillips*, 415 F.3d at 1317–19 (internal quotation marks omitted). Extrinsic evidence may assist the court in understanding the underlying technology, the meaning of terms to one skilled in the art, and how the invention works. *Id.* Extrinsic evidence, however, is less reliable and less useful in claim construction than the patent and its prosecution history. *Id.*

"A claim construction is persuasive, not because it follows a certain rule, but because it defines terms in the context of the whole patent." *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998). It follows that "a claim interpretation that would

2

exclude the inventor's device is rarely the correct interpretation." *Osram GMBH v. Int'l Trade Comm'n*, 505 F.3d 1351, 1358 (Fed. Cir. 2007) (citation and internal quotation marks omitted).

## III.  CONSTRUCTION OF DISPUTED TERMS

### A.  The '058 Patent

1.  "game configuration" and "first game configuration" / "second game configuration"

    a.  *Plaintiffs' proposed construction*:
        *"game configuration"*: "at least one rule or algorithm that influences a game outcome"
        *"first game configuration" / "second game configuration"*: contends that no construction is necessary in view of the construction of "game configuration" above

    b.  *Defendant's proposed construction*:
        *"game configuration"*: contends the dispute between the parties revolves around the language of "first game configuration" and "second game configuration," below, rather than "game configuration" in isolation
        *"first game configuration" / "second game configuration"*: "at least one rule or algorithm that influences a game outcome that is different than the outcome-influencing rule or algorithm of the second game configuration" / "at least one rule or algorithm that influences a game outcome that is different than the outcome-influencing rule or algorithm of the first game configuration"

    c.  *Court's construction*:
        *"game configuration"*: "at least one rule or algorithm that influences a game outcome"
        *"first game configuration" / "second game configuration"*: "the first game configuration and second game configuration must each include at least one rule that influences a game outcome, wherein the two outcome-influencing rules are different from each other"

I will construe "game configuration" because it appears on its own in claim 6. The parties agree that "game configuration" means "at least one rule or algorithm that influences a game outcome." (D.I. 305 at 7, 9; *see* D.I. 306-2 at 7-8).

3

At the September 26, 2019 *Markman* hearing, I asked the parties if they agreed that the difference between "first game configuration" and "second game configuration" must be a difference in at least one of the rules or algorithms that influences game outcome. The parties agreed to this concept. Thus, "first game configuration" and "second game configuration" mean that "the first game configuration and second game configuration must each include at least one rule that influences a game outcome, wherein the two outcome-influencing rules are different from each other."

2.     "Lookup Table"

    a.     *Plaintiffs' proposed construction*: "a data structure comprising an arrangement of data for reference"

    b.     *Defendant's proposed construction*: "a data structure comprised of rows and columns of data that may be searched for a desired item of information"

    c.     *Court's construction*: "an array or matrix of data that contains items that are searched"

The parties agree that "lookup table" has a plain and ordinary meaning understood by those of ordinary skill in the art. (D.I. 305 at 19-20, 28). I believe that the Computer Desktop Encyclopedia, Version 20.4 (2007), definition captures the plain and ordinary meaning of the term "lookup table." (*see* D.I. 306-14 at 5). Therefore, "lookup table" means "an array or matrix of data that contains items that are searched."

Plaintiffs agreed to this construction, and Defendant agreed that it is a correct definition of a lookup table in general but countered that the lookup table in claim 6 requires a more specific construction that incorporates surrounding claim language. This is not, however, the point of claim construction. The other claim limitations are not meant to be read into the construction of "lookup table," but rather will limit the term within the context of the whole claim once "lookup table" has been construed.

4

## III. CONCLUSION

An order consistent with this Memorandum Opinion will issue.